Instr:200406020092344
Page: 36 OF 70

(iv) any Common Expenses benefiting less than all of the Condominium Units or caused by the conduct of less than all those entitled to occupy the same or by their licensees or invitees pursuant to Section 55-79.83(B) of the Condominium Act and any amounts as may be required to discharge any lien levied upon any Unit.

(v) assessments levied by the Community Association against the Unit Owners.

(c) <u>Transmittal of Budget</u>. The Board of Directors shall send to each Unit Owner a copy of the budget, in a reasonably itemized form, which sets forth the amount of the Common Expenses payable by each Unit Owner, at least seven (7) days prior to the beginning of the fiscal year to which the budget applies. The said budget shall constitute the basis for determining each Unit Owner's contribution for the Common Expenses of the Condominium.

Section 2.    Assessment and Payment of Common Expenses.

(a) Except for those Common Expenses which may be specially assessed against the Condominium Unit or Units involved pursuant to the provisions of subparagraph (b) (iv) of Section 1 of this Article VI and except for those Common Expenses specially assessed pursuant to Section 55-79.83(A), (B) and (C) of the Condominium Act, the total amount of the estimated funds required for the operation of the Condominium Property set forth in the budget for the fiscal year adopted by the Board of Directors shall be assessed against each Condominium Unit in proportion to its respective proportionate undivided interest in the Common Elements (i.e., its Common Element Interest) as set forth in the Declaration of the Condominium as the same may be amended from time to time. Said assessment shall be a lien against each Unit Owner's Unit as provided in the Condominium Act as set forth in Section 55-79.84. On or before the first day of each fiscal year, and the first day of each succeeding eleven (11) months in such fiscal year, such Unit Owner shall be obligated to pay to the Board of Directors or the Managing Agent (as determined by the Board of Directors), one-twelfth (1/12) of the assessment for such fiscal year made pursuant to the foregoing provisions. Any amount accumulated in excess of the amount required for actual expenses and reserves may, if the Board of Directors deems it advisable, be credited according to each Unit Owner's Undivided Interest in the Common Elements to the installments due in the succeeding months of that fiscal year.

In the event any legal action is required to collect assessments hereunder, then and at the direction of the Board of Directors, the entire balance of assessments due on account of said Unit for the remainder of the fiscal year shall be due in full.

(b) <u>Right of Acceleration</u>. The payment and collection of the assessments made pursuant to this Article VI shall be in accordance with the terms

EXHIBIT
6

36

be sought by the Unit Owners Association, the Board of Directors, the Managing Agent, or, if appropriate, by an aggrieved Unit Owner.

(b) <u>Additional Liability</u>. Each Unit Owner shall be liable to the Association for the reasonable expense of any maintenance, repair or replacement rendered necessary by; (a) damage to any Unit(s) (including the Owner's Unit) or the Common Elements caused by the escape of water or any other substance from Owner's Unit or any other element which the Owner is obligated to maintain; or (b) any other damage to any Unit(s) (including the Owner's Unit) or the Common Elements the cause of which emanates from the Owner's Unit or any other element which the Owner is obligated to maintain. The Owner shall be liable whether or not said liability results from the negligence of the Owner, the Owner's occupants, guests, employees, agents, or lessees. This liability shall include any attorney's fees incurred by the Association in collecting amounts due from the Owner pursuant to this Section. Nothing herein, shall be construed as modifying any waiver by any insurance company of its rights of subrogation.

(c) <u>Cost and Attorneys' Fees</u>. In any proceeding arising out of any alleged default by a Unit Owner, the prevailing party shall be entitled to recover the costs of the proceeding, and such reasonable attorneys' fees as may be determined by the Court.

(d) <u>No Waiver of Rights</u>. The failure of the Unit Owners Association, the Board of Directors, or of a Unit Owner to enforce any right, provision, covenant, or condition which may be granted by the Declaration, these By-Laws or the rules and regulations shall not constitute a waiver of the right of the Unit Owners Association, the Board of Directors, or the Unit Owner to enforce such right, provision, covenant or condition in the future. All rights, remedies and privileges granted to the Unit Owners Association, the Board of Directors, or any Unit Owner pursuant to any term, provision, covenant or condition of the Declaration, these By-Laws, or the rules and regulations shall be deemed to be cumulative, and the exercise of any one or more thereof shall not be deemed to constitute an election of remedies, nor shall it preclude the party exercising the same from exercising such privileges as may be granted to such party by the Declaration, these By-Laws or the rules and regulations, or at law or in equity.

(e) <u>Interest</u>. In the event of a default by any Unit Owner in paying any sum assessed against the Condominium Unit other than for common expenses which continues for a period in excess of thirty (30) days, interest at a rate not to exceed the lower of the maximum permissible interest rate which may be charged by a Mortgagee under a Mortgage at such time or eighteen percent (18%) per annum shall be imposed on the principal amount unpaid from the date due until paid. The Board may waive the interest due at its sole discretion.

---

54